UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ANSELMO GUARNEROS,

Plaintiff,

v.

TOMO MORTGAGE, LLC,

Defendant.

CIVIL COMPLAINT

CASE NO. 5:26-cv-1313

DEMAND FOR JURY TRIAL

## COMPLAINT

NOW COMES Plaintiff, ANSELMO GUARNEROS ("Plaintiff") by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of TOMO MORTGAGE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq*., as well as for Invasion of Privacy ("IOP"), stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Southern District of Texas and a substantial portion of the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Texas.

**PARTIES**

4. Plaintiff is an individual over 18-years-of-age residing in Webb County, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is an online mortgage lending company that solicits and markets its services to consumers, including by sending text messages to consumers' cellular phones, directly or indirectly, to solicit interest in, and follow up on, potential home purchases and mortgage financing, from consumers across the country, including those residing within the state of Texas. Defendant is organized under the laws of the state of Delaware, with its registered agent - Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Plaintiff previously inquired about obtaining a mortgage loan through Defendant in order to purchase a home. Upon further consideration, Plaintiff opted not to take a loan out through Defendant.

10. Yet, for the last several weeks, Plaintiff has been receiving automated text messages to his cellular phone, (956) XXX-7801.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7801. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. In or around June 2026, Plaintiff responded to Defendant and notified one of its representatives that he did not wish to receive any further text messages from Defendant.

13. Defendant's representative informed Plaintiff that Defendant would stop texting him until Plaintiff expressed interest in the future.

14. Yet, Defendant's conduct has persisted through the filing of this action, as it has placed at least ten (10) text messages to Plaintiff's cellular phone through the present day.

15. Defendant has used various phone numbers when sending text messages to Plaintiff's cellular phone, including: (912) 712-9937.

16. Upon information and belief, the aforementioned phone number is regularly utilized by Defendant during its solicitation activities.

17. Seeing no end to defendant's harassing conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

18. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other solicitors from engaging in the unlawful solicitation  practices described in this Complaint, supra.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendants actions.

20. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, loss of sleep, aggravation that accompanies solicitation text messages, emotional distress, and increased usage of his telephone services and cellular phone.

3

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits contacting persons on their cellular phone using an automatic telephone dialing system or an artificial or pre-recorded messages without their consent (emphasis added).

23. Upon information and belief, the text messages sent to Plaintiff were sent using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1), namely, equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

24. The volume and frequency of messages sent to Plaintiff's number, and upon information and belief to Defendant's broader consumer base, is consistent with a platform designed to transmit high volumes of messages without human intervention in the dialing process.

25. Defendant is, upon information and belief, a company that regularly engages in mass consumer outreach campaigns via text message as a matter of business practice, further supporting the inference that it utilizes automated dialing technology to do so.

26. Defendant violated the TCPA by sending at least 10 text messages to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting him.

27. The messages sent by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

4

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff initially notified Defendant's representative to stop texting, Defendant had more than enough knowledge to know that its text messages were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of automated texts to Plaintiff's cellular phone.

29. As pled in paragraphs 17 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANSELMO GUARNEROS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Enjoining Defendant from placing any more text messages to Plaintiff's cellular phone;

   c. Awarding Plaintiff damages of at least $500.00 per text message and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   d. Awarding Plaintiff costs and reasonable attorney fees;

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - INVASION OF PRIVACY-INTRUSION UPON SECLUSION

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant intentionally invaded Plaintiff's privacy through its barrage of unwanted automated text messages to Plaintiff's cellular phone. This conduct was highly intrusive and invasive to Plaintiff, and thus, eliminated Plaintiff's right to privacy.

32. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted his overall focus, and continually frustrated and annoyed Plaintiff to the point where he

was denied the ability to quietly live his life, instead having it upended by Defendant's harassing text message campaign.

33. These persistent texts eliminated the peace and solitude that Plaintiff would have otherwise had in his home and/or any other location in which he would have normally brought his cellular phone.

34. By continuing to text Plaintiff in an attempt to coerce him into signing up for Defendants services, all while having knowledge that Plaintiff did not wish to receive any further communications, Defendant provided Plaintiff with no reasonable escape from its incessant conduct.

35. As pled in paragraphs 17 through 20, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANSELMO GUARNEROS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, in connection with Defendant's invasion of privacy;

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as a result of Defendant's invasion of privacy;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 27th day of July 2026.                Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)

6

teddy@consumerlawpartners.com